# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY DOVER, <br> AIS #217258 <br>     Petitioner, <br><br> v. <br><br> K. BUTLER, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:22-00095-KD-N <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Petitioner Larry Dover, an Alabama prisoner proceeding pro se, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). The District Judge assigned to this case referred this petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (3/3/2022 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court ordered Dover to remedy various defects with his petition (*See* Doc. 2; Doc. 4; Doc. 6). Dover complied, and his second amended petition now serves as his operative § 2254 petition. (*See* Doc. 7).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review, the undersigned finds that it plainly appears the Court lacks jurisdiction to hear Dover's claims because the subject petition is an unauthorized second or successive challenge to his state conviction. Accordingly, the undersigned **RECOMMENDS** that Dover's habeas petition (Doc. 7) be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## I.   *Analysis*

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and its attendant restrictions because Dover filed his petition after April 24, 1996. AEDPA limits a district court's ability to hear second or successive habeas petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . . ."). Absent authorization from a court of appeals, "the district court lacks jurisdiction to consider a second or successive habeas petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020).

Dover previously filed a § 2254 petition in the United States District Court for the Northern District of Alabama on September 1, 2004. *Dover v. Alabama*, No. 2:04-

cv-02640-UWC, at *1 (N.D. Ala. July 10, 2006).[1] Magistrate Judge John E. Ott recommended dismissal of the petition with prejudice. *Id.* at *14. On August 15, 2006, the Court adopted Judge Ott's Report and Recommendation and dismissed the petition with prejudice. *Dover v. Alabama*, No. 2:04-cv-02640-UWC, at *1 (N.D. Ala. Aug. 15, 2006). Dover appealed, but the Eleventh Circuit declined to issue a certificate of appealability. *Dover v. Alabama*, No. 06-16023-J, at *1 (11th Cir. July 6, 2007) (order denying COA). In his second amended § 2254 petition—filed on the Court's form—Dover indicated for the first time that he previously filed a federal habeas petition attacking this conviction. (*See* Doc. 7, PageID.64).[2]

"Before presenting a second or successive petition, the moving petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . . ." Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts. "A three-judge panel of the court of appeals may

---

[1] The undersigned can take judicial notice of another District Court's orders for their significance as dispositions of prior habeas proceedings. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) (taking judicial notice of prior federal and state court proceedings); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981).

[2] The prior habeas action that Dover disclosed, like his 2004 petition, was filed in the Northern District of Alabama. *See Dover v. Estes*, No. 5:16-cv-01541-KOB-JEO, 2016 WL 7320915, at *1 (N.D. Ala. Oct. 19, 2016). Magistrate Judge John E. Ott recommended that Dover's petition be dismissed without prejudice as a second or successive petition. *Id.* The District Court adopted this recommendation and dismissed Dover's petition. *Dover v. Estes*, No. 5:16-cv-01541-KOB-JEO, 2016 WL 7242205 (N.D. Ala. Dec. 15, 2016).

3

authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (citing 28 U.S.C. § 2254(b)(3)(C)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization of the court of appeals.").[3] Here, Dover failed to include any order from the United States Court of Appeals for the Eleventh Circuit authorizing a second habeas petition. Accordingly, Dover's petition (Doc. 7) should be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition.

## II. *Certificate of Appealability*

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 proceeding. Rule 11(a) of the Rules Governing § 2254 Proceedings. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

---

[3] "[S]econd or successive status . . . attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Here, the U.S. District Court for the Northern District of Alabama dismissed Dover's first § 2254 petition on the merits. *See Dover v. Alabama*, No. 2:04-cv-02640-UWC, at *1 (N.D. Ala. Aug. 15, 2006).

4

### III. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is \*860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank,* 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Dover's present § 2254 petition is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court certify that any appeal by Dover of the dismissal of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision in forma pauperis.[4]

---

[4] Should the Court adopt this recommendation and deny leave to appeal in forma pauperis, the movant may file a motion to proceed on appeal in forma pauperis with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

5

## IV. *Conclusion*

Dover failed to submit proof of authorization to file his present second or successive § 2254 petition. Accordingly, the undersigned **RECOMMENDS** that Dover's second amended § 2254 petition (Doc. 7) be **DISMISSED without prejudice** for lack of jurisdiction and that the Court find Dover is not entitled proceed in forma pauperis on appeal of that dismissal. The Clerk is **DIRECTED** to send Dover a copy of this Report and Recommendation, as well as copies of the following documents from his 2004 habeas action in the Northern District of Alabama (2:04-cv-02640-UWC): (1) ECF No. 21; (2) ECF No. 27; and (3) ECF No. 28.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on

appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of May 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**